42130. SIMS, Administrator v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY.

ARGUED JULY 5, 1966—DECIDED SEPTEMBER 6, 1966.

*Donald E. Austin,* for appellant.

*Bouhan, Lawrence, Williams & Levy, Frank W. Seiler, Walter C. Hartridge, II,* for appellee.

FELTON, Chief Judge. The applicable tariff is as follows: "All station equipment and station wiring, other than any equipment necessary for the suitable termination of the channel facilities on the customer's premises and other than the control equipment for reversals effected by the customer, referred to in B. 1. c. (2) (a) (I), and other than equipment referred to in D. 4. following, shall be provided by the customer. Program

channel wiring on the property owned or leased by the customer and upon which the station is located may be included as station wiring . . ." "Premises" is defined in the tariffs before the court on this motion as follows: "The term 'Premises' denotes the space occupied by a customer or authorized user when in a building or buildings on contiguous property (except railroad rights of way, etc.) not separated by a public highway." Each side presented an affidavit attempting to support its construction of the tariff as to the meaning of "premises." These affidavits are irrelevant. The definition of "premises" stated in the tariff is plain and unambiguous and not subject to construction. It is plain and indisputable that "premises" as used in the tariff refers to a space in one or more buildings and cannot by any stretch of the imagination be construed to mean space reaching from a telephone booth on one side of a public street to the mobile unit of the Coastal Broadcasting Company, Inc. on the other side of the street.

Since the duties of the appellee ceased upon the company's completion of its preparing the facilities in the telephone booth to carry the broadcast of the customer after the customer had connected its broadcasting unit to the appellee's wiring in the telephone booth, whatever the telephone company's agents might have done to assist the company's customer in stretching the wire from the telephone booth to the broadcasting mobile truck was outside the scope of the authority of the agents and the company as previously held.

The court did not err in granting the summary judgment.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*